OPINION OF THE COURT
Memorandum.
The determinations of the Appellate Division should be affirmed, with costs.
In these article 78 proceedings, the dismissal of police and correction officers was upheld for their refusal to comply with orders to submit to urinalysis in connection with reported drug use. There is no dispute among the parties as to the standard that governs these cases, and therefore this court need not and does not pass on it: these parties have agreed that a public agency may lawfully order an employee to *842 undergo urinalysis on reasonable suspicion of drug use. The central issue is whether, on the facts presented, that standard was satisfied here. We conclude that there was substantial evidence supporting the administrative determinations. As to petitioner Perez, a longtime registered confidential informant —who had repeatedly proven reliable in the past — informed several members of the police department that he had seen petitioner using heroin, and certain of his allegations were verified; on the day prior to the order to submit to urinalysis, the informant reported that he had just seen petitioner using heroin. As to petitioners Melvin and Henry King, again there was a report from a confidential informant regarding use of illegal drugs by them at specified locations; the Inspector General’s office verified certain of the information; and just prior to the urinalysis order the informant advised the Inspector General that he had observed the officers using narcotics at the specified locations.
The penalty of dismissal in these circumstances was not erroneous (see, Pell v Board of Educ., 34 NY2d 222). Petitioners’ remaining contentions lack any merit.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
In Matter of Perez v Ward: Judgment affirmed, with costs, in a memorandum.
In Matter of King v McMickens: Order affirmed, with costs, in a memorandum.