■ In the Matter of Phil Seelig, as President of the Correction Officers Benevolent Association of the City of New York, Inc., et al., Appellants, v Richard J. Koehler, as Commissioner of Correction of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County (David B. Saxe, J.), entered January 6, 1989, which dismissed the petition, pursuant to CPLR article 78, seeking a judgment enjoining respondents from implementing a departmental directive authorizing a program of additional mandatory random drug tests for all probationary correction officers, unanimously affirmed, without costs.

Petitioners, the Correction Officers Benevolent Association of the City of New York, Inc. and its president, Philip Seelig, contend that the two additional random drug tests required of probationary correction officers pursuant to Departmental Directive No. 7506 are unconstitutional in that they effect unreasonable searches and seizures. Specifically, petitioners allege insufficient compelling governmental interests to justify the admini.tration of such additional tests. Additionally, petitioners claim that the testing procedure authorized by Directive No. 7506 is highly intrusive and violative of the right of privacy since it requires urine samples to be obtained under direct observation of an agent for the Department.

A need for the additional drug tests is evident in light of departmental statistics showing that, despite advance notice, a steady percentage (over 2%) of probationers tested positive for drug use in the years 1986 through 1988. The additional tests are the only ones conducted during the 18-month probationary term which are unannounced. In view of the "worsening drug problem" recently found by this court to be "affecting a group of quasi-military personnel upon whose mental acuity and physical fitness lives depend, and who have voluntarily chosen an occupation which already imposes significant intrusions on their privacy" (Matter of Seelig v Koehler, 151 AD2d 53, 69), the governmental interest in administering the additional tests is substantial.

Petitioners' right to privacy, under the circumstances, is not violated by the requirement in Directive No. 7506 that urine samples be obtained under the direct observation of a Depart-

ment agent. Applicants for the position of correction officer already submit to three drug tests requiring a urine sample under direct supervision. Notably, petitioners raise no issue regarding the constitutionality of those tests on this appeal. Their claim of unreasonable search and seizure under Directive No. 7506, as balanced against the crucial State interest in such testing program, is without merit *(see, Matter of Caruso v Ward,* 72 NY2d 432, 439). As noted previously, membership in a paramilitary force such as the Correction Department diminishes an individual's privacy expectations *(see, Matter of Seelig v Koehler, supra,* at 69; *Matter of Caruso v Ward, supra,* at 439; *see also, Matter of King v McMickens,* 120 AD2d 351, 353, *affd* 69 NY2d 840). Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.