■ In the Matter of CAUSEWELL VAUGHAN, Petitioner, v FELICE MICHETTI, as Commissioner of Housing Preservation and Development of the City of New York, Respondent.— Determination of respondent Housing Commissioner, dated June 28, 1990, which denied petitioner's application for a "certification of no harassment", is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Ira Gammerman, J.] entered December 24, 1990), is dismissed, without costs or disbursements.

Petitioner, the owner of a single room occupancy building, sought a permit to alter or demolish one or more of the units therein. The evidence adduced at the hearing established that during the three-year period preceding petitioner's application for a "certification of no harassment", one of the tenants was made to feel "threatened" by the making of repeated buyout offers. Additionally, this particular tenant's unit was permitted to remain in a deplorable condition over a lengthy period of time, despite requests by the tenant to the owners to ameliorate the situation.

The Hearing Officer's decision to credit the testimony of the tenant is generally unreviewable by the courts *(see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979), and the determination that the above-noted acts constituted "harassment" within the meaning of Administrative Code of the City of New York § 27-2093 is supported by substantial evidence.

The penalty imposed, that of barring petitioner from renewing his application to alter or demolish any of the units in the subject premises for a three-year period following the date of the denial of the "certification of no harassment", is mandated by Administrative Code § 27-198 (b) (7), and does not shock the court's sense of fairness.

We have considered petitioner's remaining claims and find

them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.