■ GEORGE LINDEMANN, JR., et al., Respondents, v AMERICAN HORSE SHOWS ASSOCIATION, INC., Appellant. [634 NYS2d 697] —Order of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on June 6, 1995, which annulled, in part, a determination of defendant's Hearing Committee, dated April 3, 1995, as to plaintiff George Lindemann, Jr., is unanimously reversed to the extent appealed from, on the law and facts, the application pursuant to CPLR article 78 denied, and the petition dismissed, without costs. The appeals from the

order and judgment (one paper) of the same court and Justice, entered on December 14, 1994, which, *inter alia*, vacated and annulled a determination of defendant's Hearing Committee, dated August 26, 1994, to suspend plaintiffs George Lindemann, Jr. and Marion Hulick, and from two orders of the same court and Justice, entered on or about April 12, 1995 and May 10, 1995, which, *inter alia*, temporarily enjoined the Hearing Committee's determination of April 3, 1995, suspending these plaintiffs from membership, are unanimously dismissed, as academic, without costs.

In August of 1994, a Federal Grand Jury in Illinois indicted 23 horse owners, trainers and riders, among them plaintiff Lindemann, for conspiracy to collect insurance proceeds by arranging for the killing of horses. Indicted with Lindemann was plaintiff Marion Hulick, his trainer and manager of operations. Both of them were accused of conspiring with one Burns to arrange for the electrocution of the prize jumper, Charisma, in return for the payment of $35,000, to collect insurance proceeds of $250,000.

In a determination dated August 26, 1994, the defendant's Hearing Committee found that Lindemann and Hulick were in violation of the Association's rules and that their suspension was mandated. In an order and judgment entered on December 14, 1994, the Supreme Court annulled this determination. While the defendant filed a notice of appeal from this judgment, it opted to conduct a second hearing before a new panel that would comply with the holding of the Supreme Court. This rehearing took place in February of 1995, at which time extensive evidence, in the form of both affidavits and personal testimony, was introduced in corroboration of the Federal indictment. This rehearing culminated in another determination, on April 3, 1995, suspending plaintiffs. Plaintiffs sought and obtained a temporary restraining order enjoining their suspension which was subsequently extended, dated, respectively, April 12, 1995 and May 10, 1995 (which are the second and third orders appealed from).

In its review of the determination, the court upheld the suspension of Hulick but found that the Association's suspension of Lindemann was arbitrary and capricious and annulled the determination to that extent.

Any conclusion we might reach as to the correctness of the first three orders of the Supreme Court would be simply advisory under the circumstances herein where the defendant chose to proceed by conducting a new hearing in accordance with the court's requirements. Accordingly, we review, solely,

the final order of the court and reverse that order to the extent appealed from.

The issue of due process does not arise in this action. Plaintiffs herein were afforded both notice and a hearing prior to any suspension being implemented (*see*, *Matter of Saumell v New York Racing Assn.*, 58 NY2d 231, 234; *Jacobson v New York Racing Assn.*, 33 NY2d 144, 150). The only issue before us, therefore, is whether the Supreme Court applied the proper standard in its review when it annulled the Association's determination as to Lindemann.

In an article 78 proceeding, the court's role is limited to ascertaining whether a determination made after a hearing is supported by substantial evidence. In reviewing the evidence, the court must defer to the fact-finder's assessment of the evidence and the credibility of the witnesses (*Matter of Berenhaus v Ward*, 70 NY2d 436). It is axiomatic that the court may *not* weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or the credibility of the witnesses for that of the Administrative Law Judge or hearing panel (*Matter of Deitch v Dole*, 159 AD2d 311). Moreover, hearsay evidence can be the basis of the determination (*Matter of Gray v Adduci*, 73 NY2d 741, 742).

In the instant case, the nisi prius court violated these fundamental principles governing the application of article 78. It substituted its judgment for that of the hearing panel. Under similar circumstances, it has been held that the mere existence of an indictment is sufficient to justify suspension or denial of an opportunity to bid on a contract pending the outcome of a criminal prosecution (*see*, *Richardson v United States Customs Serv.*, 47 F3d 415; *Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440). There is no abridgement of due process since the parties are informed of the reasons for the suspension or denial and given an opportunity to rebut the charges. "One cannot validly be indicted on abstract charges; an indictment must set forth specifically the alleged criminal conduct" (*Brown v Department of Justice*, 715 F2d 662, 666). If such were not the case, a mini-trial would have to be conducted during the hearing, as a precondition for suspension, so as to prove independently that the allegedly illegal conduct actually occurred (*supra*, at 668).

In any event, even if the existence of the indictment were not, by itself, sufficient to justify the suspension of Lindemann, the record clearly demonstrates that there was substantial evidence presented at the hearing to support the determination. The inferences drawn by defendant Association from that evi-

dence were rational and not arbitrary. The court was not warranted, therefore, in choosing among conflicting inferences and substituting its assessment of the evidence for that of the Association (*Matter of Deitch v Dole, supra*). Concur—Murphy, P. J., Asch, Nardelli and Mazzarelli, JJ. [*See*, 164 Misc 2d 937.]