■ In the Matter of MICHAEL PARTLAND, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New

York, et al., Respondents. [668 NYS2d 604] —Determination of respondent Police Commissioner, dated January 10, 1996, dismissing petitioner from the New York City Police Department, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Norman Ryp, J.], entered November 4, 1996) dismissed, without costs.

The record supports the Hearing Officer's determination that information supplied by confidential informants, which was confirmed in part by observations of Internal Affairs investigators as well as by subsequent observations of petitioner engaged in activities suggesting drug use, constituted the reasonable suspicion required for an order directing a drug test for cause (*Matter of Perez v Ward*, 69 NY2d 840). The only reasonable inference to be drawn from the evidence is that the officer authorizing the order acted upon information conveyed by a fellow officer possessing the requisite reasonable suspicion. Further, accepting the credibility determinations of the Hearing Officer (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 230), there was substantial evidence that petitioner refused the lawful order to submit to a drug test. Thus, the record as a whole indicates that the determinations of the Hearing Officer are supported by substantial evidence (CPLR 7803[4]; *Matter of Berenhaus v Ward*, 70 NY2d 436, 443).

We have considered petitioner's other arguments and find they do not warrant a contrary result. Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.