■ In the Matter of JOHN SCHAEFER, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [721 NYS2d 231] —Determinations of respondent Commissioner, dated May 26, 1999 and August 16, 1999, respectively, which, after separate hearings, directed petitioner's forfeiture of 25 vacation days and his suspension without pay for 15 days, respectively, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louise Gruner Gans, J.], entered January 14, 2000) dismissed, without costs.

There was substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181) to support the specifications charging petitioner with three counts of improper searches, one count of failing to give his shield number when requested to do so and one count of use of excessive force. Petitioner's challenges to the credibility determinations of the Administrative Law Judges are unavailing since, in a CPLR article 78 proceeding, "[i]t is axiomatic that the [reviewing] court may not weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or the credibility of the witnesses for that of the Administrative Law Judge or hearing panel" (Lindemann v American Horse Shows Assn., 222 AD2d 248, 250; see also, Matter of Berenhaus

*v Ward*, 70 NY2d 436, 443-444). In any event, the Administrative Law Judges in these matters were perfectly justified in crediting the testimony of the complaining witnesses and rejecting the testimony of petitioner and his witnesses. Finally, the penalties imposed are not shocking to our sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.