■ In the Matter of John Guilford, Petitioner, v Howard Safir, as Police Commissioner of the City of New York, et al., Respondents. [732 NYS2d 344] —Determination of the respondent Police Commissioner, dated February 28, 2000, which dismissed petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louis Gruner Gans, J.], entered November 9, 2000), dismissed, without costs.

Substantial evidence supports respondent's determination that petitioner wrongfully engaged in off-duty employment in a licensed premises, without permission or authority to do so, and knowingly associated with a person or organization rea-

sonably believed to be engaged in, likely to engage in, or to have engaged in criminal activities. No basis exists to disturb respondent's findings of credibility (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Nor do we find the penalty of dismissal so disproportionate to petitioner's offenses as to shock our sense of fairness (*see, Matter of Kelly v Safir*, 96 NY2d 32, 39-40). Concur—Andrias, J. P., Wallach, Lerner, Saxe and Friedman, JJ.