■ In the Matter of ROBERT M. MARI, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, Respondent. [738 NYS2d 47] —Determination of respondent Police Commissioner, effective May 9, 2000, which dismissed petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Ronald Zweibel, J.], entered December 12, 2000), dismissed, without costs.

While there is a question as to whether this proceeding was properly transferred to this Court, we nevertheless address the merits in the interest of judicial economy (see, Matter of McGann-Wayne v Lippa, 284 AD2d 279). Although petitioner was not present at the hearing on the specifications lodged against him, a new hearing is not warranted since petitioner avoided service of the notice of the revised hearing date, and thereafter intentionally absented himself from the hearing. Contrary to petitioner's argument, respondent's acceleration of the hearing date was not improper because it rendered the forfeiture of his pension possible. The conduct of which petitioner was found guilty took place, and the resulting disciplinary charges were filed, long before petitioner filed for retirement (see, Matter of Gordon v Monaghan, 309 NY 336, 341-344).

Although not contested by petitioner, we note that there was substantial evidence, much of it based on admissions made by petitioner to the Internal Affairs investigator, to support the hearing officer's findings. Nor was the penalty so disproportionate to the offenses, involving, inter alia, unauthorized off-duty employment, knowing association with a person believed to be engaged in, likely to engage in, or to have engaged in criminal activities, intentional disclosure of an informant's identity to a target of police activity, and continuous harassment of a former paramour, as to shock this Court's sense of fairness (see, Matter of Kelly v Safir, 96 NY2d 32, 39-40; Matter of Guilford v Safir, 288 AD2d 65). Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.