(November 14, 2002)

■ In the Matter of RON ASARO, Respondent, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Appellants. [749 NYS2d 133] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered June 6, 2001, which granted the CPLR article 78 petition and annulled respondent's determination dismissing petitioner from the Police Department, unanimously reversed, on the law, without costs, the petition dismissed, and the determination confirmed.

Petitioner became a police officer in 1994. Following an administrative hearing, petitioner was discharged in September 2000 based on findings that, while off duty, he had engaged in sexual abuse and harassment in July 1998 at a bar. The Administrative Law Judge found that credible evidence established that petitioner placed his hand between a woman's legs and grabbed her crotch without her consent, that he subsequently, while using obscene language, shoved another woman, a friend of the victim who had remonstrated him for his conduct, and that petitioner lied at the hearing. Our review of the record evidence demonstrates ample support for the Administrative Law Judge's findings which were based on a thorough credibility analysis of the witnesses who included the two women, petitioner and a fellow officer.

The IAS court improperly undertook to evaluate whether substantial evidence supported respondents' determination instead of merely transferring this proceeding (CPLR 7804 [g]; *Matter of King v McMickens*, 120 AD2d 351, *affd* 69 NY2d 840). The IAS court also erred when it found respondents' determination to be arbitrary. The Administrative Law Judge had the power to resolve credibility and "courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (*Matter of Stork Rest. v Boland*, 282 NY 256, 267; *see also Matter of Schaefer v Safir*, 281 AD2d 163, *and Matter of Gulino v Ward*, 169 AD2d 516). Although petitioner claims that the Hearing Officer was

biased, he does not cite one instance evidencing such partiality, our review of the record reveals no bias. We also note that petitioner did not preserve this argument since he failed to make it before the administrative agency (*see Matter of Henry v Wetzler*, 82 NY2d 859, 862, *cert denied* 511 US 1126; *Matter of Hopkins v Blum*, 58 NY2d 1011, 1014).

Although the IAS court observed that petitioner had an unblemished record during his seven years as a police officer, it failed to explain why it found the punishment of dismissal disproportionate. "[A] penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness'" (*Matter of Kelly v Safir*, 96 NY2d 32, 38 [citation omitted]). We must afford respondents great leeway in determining appropriate punishment since they are responsible for maintaining the integrity of the Police Department (*Matter of Kelly v Safir, supra*). Placing one's hand in a woman's vaginal area in these circumstances is a serious offense, compounded by the subsequent harassment of her companion and the false testimony offered at petitioner's hearing. A reasonable person might well be shocked if petitioner were not dismissed as a result of such findings. We discern no reason, much less legal basis, to interfere with the penalty imposed by respondents. We have reviewed the other contentions argued by petitioner and find them to be without merit. Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.