■ In the Matter of ALPHONSO MCMILLIAN, Appellant, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Respondents. [761 NYS2d 166] —Order, Supreme Court, New York County (Walter Tolub, J.), entered April 3, 2002, which denied and dismissed petitioner's CPLR article 78 petition, unanimously vacated, and the proceeding brought by petitioner pursuant to CPLR article 78 treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and upon such review, respondent's determination dismissing petitioner from his position as a New York City police officer and implicitly denying his application for back pay unanimously modified, on the law, to grant the petition insofar as to award petitioner back pay for the period he was suspended in excess of 30 days, and the matter remanded to respondent for a determination of the amount of such back pay and of any deductions for outside compensation earned by petitioner during such period, and respondent's determination otherwise confirmed, without costs.

Since the petition raised an issue as to whether the challenged administrative determination was supported by substantial evidence, the proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). We accordingly treat the matter as if that had been done (*see Matter of Featherstone v Franco*, 269 AD2d 109 [2000], *affd* 95 NY2d 550 [2000]).

Inasmuch as there was substantial evidence, including testimony from three witnesses, to support the departmental specifications charging petitioner with shooting an individual and then leaving the scene of the shooting without reporting the incident to police supervisors, requesting police aid or rendering assistance, the challenged determination must be confirmed insofar as it found petitioner guilty of the charged misconduct (*see Matter of Wagner v Kerik*, 298 AD2d 322 [2002]). Petitioner's contention that his trial in absentia violated due process is unavailing since the record establishes that petitioner, although notified of the disciplinary proceeding, chose not to attend (*see Matter of Mari v Safir*, 291 AD2d 298 [2002], *lv denied* 98 NY2d 613 [2002]). The penalty is not shocking to our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]), particularly in light of the seriousness of the proven misconduct. The issue of petitioner's entitlement to back pay should, as respondent concedes, be remanded since he was suspended without pay for longer than the 30 days permitted under section 75 (3-a) of the Civil Service Law (*see Matter of Roy v City of New York*, 258 AD2d 348 [1999]). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.