■ In the Matter of 235 HOTEL LLC, Respondent, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Appellant. [765 NYS2d 360] —Order and judgment (one paper), Supreme Court, New York County (William Wetzel, J.), entered April 23, 2002, which granted respondent's motion to reargue petitioner's CPLR article 78 application to annul respondent's determination, dated May 3, 2000, which denied petitioner's application for a certificate of no harassment, and upon reargument, adhered to judgment, same court and Justice, entered on or about January 31, 2002, which set aside respondent's determination, unanimously reversed, on the law, without costs, the petition treated as one transferred to this Court for de novo review, and upon such review, respondent's determination reinstated and confirmed, the petition denied and the proceeding dismissed.

Inasmuch as the petition raised an issue as to whether the challenged determination of respondent, which denied petitioner's application for a certificate of no harassment, was supported by substantial evidence, the IAS court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g) (see Matter of Featherstone v Franco, 269 AD2d 109, 110 [2000], affd 95 NY2d 550 [2000]; Matter of McMillian v Kerik, 306 AD2d 17 [2003]).

Upon our de novo review of the record, we find that the

determination of the respondent is supported by substantial evidence and should not be disturbed (*see Matter of Schaefer v Safir*, 281 AD2d 163 [2001]; *see also Lindemann v American Horse Shows Assn.*, 222 AD2d 248, 250 [1995]). The testimony of the tenant witnesses as to the deplorable physical condition of their individual living areas and the common bathrooms and kitchens was substantial evidence that the petitioner either discontinued or interrupted essential services constituting harassment under section 27-2093 of the Administrative Code of the City of New York. Similarly, testimony regarding the conduct of the building's owners toward a particular tenant constituted substantial evidence of acts of intimidation and harassment designed to coerce this tenant into moving out of the subject premises in violation of section 27-2093 (a) (4) of the Administrative Code of the City of New York. Concur—Saxe, J.P., Rosenberger, Williams and Lerner, JJ.