■ In the Matter of MARK HERSH et al., Petitioners, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [844 NYS2d 219]—

Determination of respondents, dated January 19, 2006, which denied petitioners' application for a "certificate of no harassment," unanimously confirmed, the petition denied, and this proceeding (transferred to this Court by order of Supreme Court, New York County [Carol Edmead, J.], entered October 11, 2006), dismissed, without costs.

The record clearly demonstrates that respondents had reasonable cause to believe tenants in petitioners' building had been harassed, and properly directed a hearing. During the 30-day period for comments, respondent City of New York Department of Housing Preservation and Development (HPD) received a letter from the West Side SRO Law Project, attached to which were, among other things, affidavits from tenants asserting harassment. An HPD investigator visited the premises and observed the dirty and deteriorated condition of the building, and HPD obtained a copy of the violation history of the building indicating over 450 violations issued against the building during the inquiry period, of which 150 remained pending at the time of petitioners' application.

Substantial evidence supports respondents' finding that petitioners engaged in harassment as that term is defined in the Housing Maintenance Code (Administrative Code of City of NY § 27-2093 [a]), and thus, the denial of the application for a certificate of no harassment was proper. No basis exists to disturb respondents' findings of credibility (see Matter of Berenhaus v Ward, 70 NY2d 436 [1987]). The testimony of the four witnesses who visited the premises during the inquiry period and described the conditions they observed was sufficient to sustain the allegations of harassment found by the Administrative Law Judge, including failure to keep public hallways and bathrooms clean, to adequately exterminate vermin, to repair holes in the ceiling, and permitting overcrowding (see Matter of 235 Hotel v Department of Hous. Preserv. & Dev. of City of N.Y., 309 AD2d 587 [2003]).

Respondents' issuance of the reasonable cause determination in November 2004, two years after petitioners' application for a certificate of no harassment was filed, did not violate any

statutorily prescribed time periods, and thus was not an abuse of discretion. In any event, petitioners have failed to demonstrate substantial prejudice from the delay.

Respondents did not exceed their statutory authority in directing that the denial of the certificate of no harassment for the subject premises remain in effect until January 19, 2009. The Building Code (Administrative Code § 27-198 [b] [7]) specifically precludes the consideration of any further application for 36 months after a denial, which is appropriate (*see Matter of Vaughan v Michetti*, 176 AD2d 144 [1991]).

We have considered petitioners' remaining contentions and find them without merit. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.