■ In the Matter of WASHINGTON MUTUAL, FA, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [889 NYS2d 172]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 15, 2008, which, insofar as appealed from, granted petitioner's application to annul respondent Metropolitan Transportation Authority's (MTA) determination denying petitioner's claim for relocation benefits under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (Relocation Act) (42 USC § 4601 *et seq.*) to the extent of directing respondent to schedule a proceeding de novo to determine petitioner's claim, "preferably before an independent determiner, not employed on a regular basis by respondent or any of its affiliates or subsidiaries," unanimously reversed, on the law, without costs, the determination reinstated, and the matter remanded to Supreme Court for further proceedings.

There is no dispute that under the Relocation Act—which makes federal funds available for reimbursement of relocation costs incurred as a direct result of the condemnation of private property for federally financed programs or projects (42 USC § 4621 [b])—claims are to be determined by the agency responsible for the taking, here respondent MTA. Petitioner's argument that MTA's initial determination rejecting its claim was decided by an MTA representative who was not impartial was not raised in the administrative proceeding and therefore is not preserved for judicial review (*see Matter of Asaro v Kerik*, 299 AD2d 196, 197 [2002]). Were we to reach the issue, we would

not find bias simply because the person designated by MTA to decide the claim in the first instance was the staff attorney who had previously represented MTA in the condemnation proceeding (*see Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *DeBonis v Corbisiero*, 178 AD2d 183 [1991], *lv denied* 80 NY2d 753 [1992]). We would also note that pursuant to 49 CFR 24.10 (h), the decision of the allegedly biased representative was reviewed by an MTA official who was not directly involved in the taking and whose impartiality is not challenged. We would also hold that even if the assignment of the allegedly biased person were to be deemed inappropriate, it would not give rise to a due process claim as the Relocation Act has no statutory or regulatory requirement for an adjudicatory or evidentiary hearing (*see Supreme Oil Co. v Metropolitan Transp. Auth.*, 157 F3d 148, 152-153 [2d Cir 1998], *cert denied* 528 US 868 [1999]). Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.