■ In the Matter of JUDITH MELENDEZ, Petitioner, v RAFAEL E. CESTERO, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Respondents. [912 NYS2d 222]—

Determination of New York City Department of Housing Preservation and Development (HPD), dated June 16, 2009, which, after a hearing, terminated petitioner's Section 8 subsidy on the ground that she failed to report all earned income in her annual re-certification packages, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen A. Rakower, J.], entered January 27, 2010), dismissed, without costs.

Petitioner's contention that the termination of her Section 8 housing subsidy was contrary to HPD's policy under its administrative plan is unpreserved for review (*see Matter of Washington Mut., FA v Metropolitan Transp. Auth.*, 67 AD3d 552, 552 [2009]). As an alternative holding, we conclude that HPD's determination was in accordance with the administra-

tive plan. Because the documents petitioner submitted during and after the pre-termination conference confirmed that she did not comply with the requirement to report all earned income, respondent could properly terminate her subsidy under the policy.

HPD's finding that petitioner misrepresented her income in her 2005, 2006, and 2007 recertification packages is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). That petitioner submitted a verification of wages form and documentation of her employment with the hotel with her recertification forms each year demonstrated that she was aware of the requirement to report all employment. Her contention that she had submitted her 2005 and 2006 tax returns, which reflected income from both jobs, is undermined by the record. Rather, the evidence shows that such returns were submitted for the first time at the pretermination conference. In any event, there is no basis to interfere with the hearing officer's rejection of this contention as incredible (*see Matter of Porter v New York City Hous. Auth.*, 42 AD3d 314 [2007]). Because the hearing officer's determination was based on a complete case file, and the hearing transcript adequately reflected petitioner's contentions and explanations, we find it unnecessary to remand the matter for a new hearing.

We have reviewed petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.