■ In the Matter of MABLE JAMES, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [925 NYS2d 815]—

In this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Martin Schoenfeld, J.], entered August 13, 2010), to annul the determination of respondent New York City Department of Housing Preservation and Development, dated January 13, 2010, which, following a hearing, terminated petitioner's Section 8 rent subsidy effective February 28, 2010, the petition is unanimously granted, without costs, the determination of respondent is annulled and vacated, and petitioner's Section 8 rent subsidy is reinstated retroactive to February 28, 2010.

Respondent's determination was not supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). The hearing officer's credibility determination is not entitled to deference in this case. The substitute hearing officer was not present at the original informal hearing. The decision was rendered based on, inter alia, an incomplete audio recording and not on the hearing officer's observations of the petitioner's demeanor as she testified. Furthermore, the hearing officer did not even have a copy of the hearing transcript at the time he made his decision because it was prepared months afterwards (cf. *Matter of Melendez v Cestero*, 79 AD3d 603, 604 [2010]). Finally, we note

that the determination of the substitute hearing officer was issued almost two years after the informal hearing.

In view of the foregoing, we need not reach petitioner's remaining contention. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ.