■ In the Matter of SAM DOMB et al., Petitioners, v RAFAEL CESTERO, Commissioner of the Department of Housing Preservation and Development of the City of New York, et al., Respondents. [932 NYS2d 475]—

The denial of petitioners' application for a certificate of no harassment was proper. The record shows that the Administrative Law Judge's (ALJ) finding that petitioners engaged in

harassment, as the term is defined by Administrative Code of City of NY § 27-2093 (a), was supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]). "Substantial evidence" is merely "relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . and it is of no consequence that the record would have also supported a contrary conclusion" (*Matter of Verdell v Lincoln Amsterdam House, Inc.*, 27 AD3d 388, 390 [2006]). The testimony adduced at the hearing showed that conditions at the premises during the 36-month period prior to petitioners' application (*see* Administrative Code § 27-2093 [c]) included, inter alia, leaks in tenants' apartments and lead-paint and mold conditions in another tenant's apartment (*see Matter of Hersh v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 44 AD3d 525 [2007]). No basis exists to disturb respondents' findings of credibility (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]), which, in any event, are generally unreviewable by the courts (*id.; see also Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981 [1983]; *Matter of Vaughan v Michetti*, 176 AD2d 144 [1991]).

That being said, we agree with petitioner that respondent Department of Housing, Preservation and Development's (HPD) modification of the ALJ's findings to include three additional instances of harassment rejected by the ALJ is not supported by substantial evidence. Indeed, HPD acknowledges in its brief that no finding of harassment is warranted in one of those instances.

Contrary to petitioners' contention, the fact that the final determination was issued by the Deputy Commissioner, as opposed to the Commissioner, does not render it defective (*see* 28 RCNY 10-01, 10-07).

We have considered petitioners' remaining contentions and find them to be unavailing. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ.