■ In the Matter of TIMOTHY KELLY, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [706 NYS2d 113] —Determination of respondent Commissioner of the New York City Police Department, dated September 15, 1997, terminating petitioner's employment as a police sergeant, unanimously modified, on the facts, to vacate the penalty of dismissal, the matter remanded to respondent for imposition of a lesser penalty and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Ronald Zweibel, J.], entered on or about May 20, 1998) otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the Commissioner's determination that petitioner twice sold and registered false firearms training certificates, while engaged in unauthorized off-duty employment (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). Since the disciplinary charges against petitioner arose from misconduct predating his retirement application, petitioner's filing of his retirement application prior to the filing of the charges against him did not bar the underlying departmental disciplinary proceeding (*see, Matter of Gordon v Monaghan*, 309 NY 336, 342-344).

However, we conclude that the penalty of dismissal was disproportionate, particularly in view of the following factors:

(1) the petitioner was a 29-year veteran with the police department, with an unblemished disciplinary record;

(2) he had been awarded eight Medals of Commendation, 12 medals for Meritorious Police Duty, and 15 medals for Excellent Police Duty;

(3) the individuals to whom the training certificates were sold were all then currently licensed to carry firearms, as well as qualified for the certificates in all other respects, thus alleviating any concerns that petitioner's actions compromised public safety; and

(4) the penalty of dismissal would result in a complete divestiture of petitioner's $48,000 per annum pension.

All told, we therefore believe that a remand for consideration of a less drastic penalty is called for under these circumstances. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.