■ In the Matter of JUSTIN MEAGHER, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [707 NYS2d 422] —Determination of respondent Police Commissioner, dated October 14, 1998, which found that petitioner police officer used excessive force in making an arrest and which required petitioner to forfeit 10 vacation days as a penalty, unanimously modified, on the law, the facts and in the exercise of discretion, the petition pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Bruce Allen, J.], entered May 11, 1999) granted to the extent of reducing the penalty imposed to the forfeiture of 5 vacation days and, except as so modified, confirmed, without costs.

Respondent's determination is supported by substantial evidence (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443; *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176). Moreover, the record provides scant support for petitioner's argument that he was entitled, under the fellow officer rule, to assume that his partner had probable cause to arrest the complainant. Petitioner's own testimony revealed that he

was physically present throughout the encounter that culminated in the unlawful arrest. That being the case, any force used was excessive. The specified charge of excessive force gave petitioner due notice that he was being charged with using force attendant to an unlawful arrest and, indeed, the record shows that petitioner attempted to demonstrate both that the arrest was justified and that the force used was no more than was required in relation to the complainant's resistance.

The record provides no basis for the differential penalties imposed on the two police officers involved in this incident. The other officer, who was found to have used physical force against the complainant, was penalized with a loss of only 5 vacation days. Additionally, the Administrative Law Judge seems to have attributed the administrative penalty imposed on the other officer to petitioner, who previously had an unblemished disciplinary record. Finally, the First Deputy Commissioner improperly cited petitioner's election to pursue an administrative trial as justification for the higher penalty. As petitioner's brief discloses that the Department has also withdrawn its scholarship support for his law school tuition, we conclude that the penalty is disproportionate to the offense and reduce it accordingly. Concur—Nardelli, J. P., Ellerin, Rubin and Friedman, JJ.