OPINION OF THE COURT
 

 Wesley, J.
 

 These CPLR article 78 proceedings present the Court with the same issue: whether the Appellate Division erred in its application of the principles governing judicial review of administrative penalties as enunciated by this Court in
 
 Matter of Pell v Board of Educ.
 
 (34 NY2d 222). We conclude that it did.
 
 Matter of Kelly
 

 Petitioner Timothy Kelly was dismissed from his job as a police sergeant with the New York City Police Department after 29 years of service. The specifications charged Kelly with violations of the Patrol Guide and the Penal Law
 
 (see,
 
 Penal Law
 
 *37
 
 §§ 175.40, 210.45). Following a hearing, the Police Commissioner determined that Kelly engaged in unauthorized off-duty employment as a New York State Certified Instructor for Security Guard Training. He also determined that, Kelly, in that capacity, issued and sold false certificates that two armed security guards, employed by Fortunoff, had completed the required firearms training and, with intent to defraud, offered the false instruments for filing with the State Division of Criminal Justice Services.
 

 Kelly commenced this proceeding seeking to annul the determination. After transfer from Supreme Court, the Appellate Division modified the determination “on the facts” by vacating the penalty of dismissal and remanding the matter to respondent for the imposition of a lesser penalty (271 AD2d 326). Although the court concluded that substantial evidence supported the determination, it found that the penalty of dismissal was disproportionate in view of Kelly’s service record and his numerous awards. The court also indicated that the two security guards involved were licensed to carry firearms and were otherwise qualified for the certificates and that Kelly would lose his pension as a result of the dismissal.
 

 Matter of Meagher
 

 In April 1996, Justin Meagher, a police officer with the New York City Police Department, was assigned to a tour of duty with Officer Edward Ryan and assisted Ryan in the arrest of complainant, Constantine Moratos, for a parking violation. Moratos later claimed that he was wrongfully arrested and that the two officers used excessive force. Ryan accepted a plea offer of command discipline with a minimum penalty of forfeiture of five vacation days. Meagher rejected the same offer and proceeded to administrative trial. The Administrative Law Judge found Meagher guilty of the charge of using excessive force. The Police Commissioner adopted the findings and recommendations of the ALJ and imposed a penalty of forfeiture of 10 vacation days.
 

 Meagher then commenced this CPLR article 78 proceeding. Upon transfer, the Appellate Division modified the determination “on the law, the facts and in the exercise of discretion” by reducing the penalty imposed to forfeiture of five vacation days (272 AD2d 114). Again, the court noted that substantial evidence supported the determination but concluded that the penalty was disproportionate to the offense. The court determined that no record basis existed for the different penalties
 
 *38
 
 accorded Meagher and Ryan. In addition, the court ruled that Meagher’s election to pursue administrative trial could not be used as justification for a higher penalty and that since “petitioner’s brief discloses that the Department has also withdrawn its scholarship support for his law school tuition * * * the penalty is disproportionate to the offense”
 
 (id.,
 
 at 115).
 

 Discussion
 

 Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law
 
 (see, Matter of Featherstone v Franco,
 
 95 NY2d 550, 554; CPLR 7803 [3]). As we have recognized time and again, the Appellate Division is subject to the same constraints as this Court — a penalty must be upheld unless it is “so disproportionate to the offense as to be shocking to one’s sense of fairness,” thus constituting an abuse of discretion as a matter of law
 
 (Matter of Pell, supra,
 
 34 NY2d, at 237;
 
 see also, Matter of Featherstone, supra,
 
 at 554-555;
 
 Matter of Verney v New York State Liq. Auth.,
 
 94 NY2d 779;
 
 Matter of Gillen v Smithtown Lib. Bd. of Trustees,
 
 94 NY2d 776). This calculus involves consideration of whether the impact of the penalty on the individual is so severe that it is disproportionate to the misconduct, or to the harm to the agency or the public in general
 
 (Pell, supra,
 
 at 234). The Appellate Division, however, has no discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed by the Police Commissioner
 
 (see, Matter of Featherstone, supra,
 
 at 554).
 

 In matters concerning police discipline, “great leeway” must be accorded to the Commissioner’s determinations concerning the appropriate punishment, for it is the Commissioner, not the courts, who “is accountable to the public for the integrity of the Department”
 
 (Matter of Berenhaus v Ward,
 
 70 NY2d 436, 445;
 
 see also, Trotta v Ward,
 
 77 NY2d 827, 828).
 

 In
 
 Kelly,
 
 the Appellate Division could not have modified the Commissioner’s determination “on the facts.” The Appellate Division’s fact-review powers of an administrative agency determination are limited to whether substantial evidence supports the determination
 
 (Matter of Pell, supra,
 
 34 NY2d, at 230;
 
 see also,
 
 CPLR 7803 [4]). The court correctly noted that substantial evidence supported the Commissioner’s determination that, in exchange for money, Kelly falsely certified that the two men in question had successfully completed a manda
 
 *39
 
 tory State certificate course on the use of deadly force and firearms, and that Kelly filed this false information with the State Division of Criminal Justice Services. Thus, the facts were established at the disciplinary hearing and reconfirmed in the Appellate Division’s “substantial evidence” review. Once established, the factual record on which the penalty was assessed is no longer subject to appellate alteration.
 

 The court appears to have disregarded this principle by relying on facts outside the record in concluding that Kelly should not have been dismissed because, among other things, the two security guards were “then currently licensed to carry firearms, as well as qualified for the certificates in all other respects”
 
 (Matter of Kelly v Safir,
 
 271 AD2d 326,
 
 supra).
 
 The facts concerning the qualifications of the two men were never raised directly before the administrative agency; the cited evidence of their qualifications appears in a letter submitted to the court as part of the CPLR article 78 proceeding. The review of an administrative determination is limited to the “ Tacts and record adduced before the agency’”
 
 (Matter of Featherstone, supra,
 
 at 554 [citing
 
 Matter of Yarbough v Franco,
 
 95 NY2d 342, 347]); the court could not rely upon this post-determination submission in its assessment of Kelly’s penalty.
 

 The Appellate Division also erred in its failure to utilize the
 
 Pell
 
 standard in reviewing the penalty imposed by the Commissioner. That standard was not mentioned by the Appellate Division. Instead, the court appears to have substituted its own judgment in weighing the facts and their implications against Kelly’s prior service record. Giving due deference to administrative proceedings and the Commissioner’s obligation to protect the integrity of our law enforcement community, we cannot endorse the Appellate Division’s balancing test.
 
 Pell
 
 correctly articulates the applicable standard of law and should be followed.
 

 While under
 
 Pell,
 
 factors such as the loss of a pension and length of service might be significant in the consideration of whether a penalty shocks “one’s sense of fairness” where there is no “grave moral turpitude and grave injury to the agency involved or to the public weal,” this is not such a situation
 
 (Matter of Pell, supra,
 
 34 NY2d, at 233, 235). Kelly issued false certificates that authorized the two guards to carry firearms and permitted them to work security in a department store. His misrepresentations to the authorities not only undermined his credibility as a law enforcement officer but also could have jeopardized public safety. Notwithstanding Kelly’s commenda
 
 *40
 
 tions and prior exemplary service, we cannot conclude that the penalty of dismissal imposed by the Commissioner shocks the judicial conscience (see,
 
 Matter of Ansbro v McGuire,
 
 49 NY2d 872, 874;
 
 Matter of Bal v Murphy,
 
 43 NY2d 762, 763).
 

 Similarly, we hold that in
 
 Matter of Meagher,
 
 the forfeiture of 10 vacation days is not so disproportionate as to shock “one’s sense of fairness”
 
 (Matter of Pell, supra,
 
 34 NY2d, at 233). Again, the Appellate Division erred by modifying the penalty “on * * * the facts and in the exercise of discretion”
 
 (Matter of Meagher,
 
 272 AD2d 114,
 
 supra).
 
 As noted, the Appellate Division’s powers are limited to fact review using the “substantial evidence” standard. We agree with the Appellate Division that there is substantial evidence that Meagher had an unblemished disciplinary record prior to the incident and that Meagher engaged in excessive force in the arrest of complainant
 
 (see, Matter of Ansbro, supra,
 
 49 NY2d, at 874).
 

 Although Officer Ryan forfeited five vacation days as part of a plea arrangement, Meagher should have anticipated the possibility of a harsher penalty in opting for an administrative trial. “Given that the
 
 quid pro quo
 
 of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater * * *, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea”
 
 (People v Pena,
 
 50 NY2d 400, 412 [citations omitted]).
 

 Finally, there is no record evidence to support the Appellate Division’s determination that the Commissioner imposed an additional penalty of forfeiture of Meagher’s Police Department law school scholarship as part of the sanction. As noted above, the Appellate Division cannot extend its powers of review to facts not presented before the administrative agency. Thus the Appellate Division erred in considering this “fact” as part of the penalty imposed.
 

 Accordingly, in
 
 Matter of Kelly,
 
 the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the petition dismissed in its entirety; and in
 
 Matter of Meagher,
 
 the judgment of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the petition dismissed in its entirety.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 
 *41
 
 In
 
 Matter of Kelly v Safir:
 
 Order, insofar as appealed from, reversed, etc.
 

 In
 
 Matter of Meagher v Safir:
 
 Judgment, insofar as appealed from, reversed, etc.