■ In the Matter of ASSOCIATED INTERNATIONAL BROKERS, INC., by and Through ELAN B. MANHAM, et al., Petitioners, v NEIL D. LEVIN, Respondent. [743 NYS2d 93] —Determination of respondent, dated December 23, 1997, finding that petitioners had violated provisions of the Insurance Law and applicable regulations by failing to file affidavits and premium tax statements with the Excess Line Association of New York and by failing to pay excess line premium taxes on the transportation coverage component of 248 policies placed by them, directed petitioners to remit $67,791.61 in overdue excess line premium taxes, penalties and interest, and imposed a civil penalty in the amount of $74,400 in lieu of revocation of petitioners' insurance licenses, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Sklar, J.], entered on or about March 30, 1998), dismissed, without costs.

It is undisputed that in 248 instances petitioner excess line brokers issued separate transportation policies rather than include transportation coverage in the insureds' jeweler's block coverage. It is also undisputed that, had transportation coverage been placed by petitioners under the rubric of jeweler's block coverage, petitioners would have been subject to excess line filing requirements and liable for excess line premium taxes on the placed coverage. Substantial evidence *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180) adduced at the administrative hearing supports respondent's position that jeweler's block coverage comprises inland marine coverage for items transported by the insured and that it was not a proper practice to issue such transportation coverage under a separate policy and thereby avoid regulatory oversight and payment of excess line premium taxes. While petitioners seek to characterize the separate transportation policies at issue as ocean marine policies exempt from excess line requirements pursuant to Insurance Law §§ 2105

and 2117 (b) (3), the hearing evidence was substantial that the policies in question did not, in fact, extend ocean marine coverage, but rather extended coverage of the inland marine sort properly included within a jeweler's block policy. Moreover, even if the subject policies were ocean marine policies, it is plain from the scope of the coverage afforded that the insurance was not exclusively of the kind qualifying for the exemption set forth in Insurance Law § 2117 (b) (3), upon which petitioners rely.

The penalty imposed in lieu of license revocation does not shock the judicial conscience and thus may not be disturbed (*see, Matter of Kelly v Safir*, 96 NY2d 32, 39-40). This is especially so given the sheer number of occasions upon which the applicable statutes and regulations were violated. We reject petitioners' belated contention that such statutes and regulations are unconstitutionally vague. Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.