■ In the Matter of GREGORY SERRAS, Petitioner, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Respondents. [750 NYS2d 23] —Determination of respondent Police Commissioner, dated January 6, 2001, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered September 4, 2001), dismissed, without costs.

We are bound by the ALJ's finding that petitioner, an officer

---

* The record seems to indicate that there were only two basement apartments that were the subjects of HPD's vacate order.

in his late twenties, repeatedly and unjustifiably struck a female civilian in her fifties on the head with his handcuffs, in the course of effecting her dubious arrest for disorderly conduct or obstructing governmental administration, because the record is sufficient to find that the administrative determination is supported by substantial evidence, including eyewitness testimony and hospital records showing that the victim suffered a 1-2 centimeter cut on the front of her scalp that required stitches. Given the nature of the force used, it would not avail petitioner even if he did have probable cause to believe that the victim was guilty of disorderly conduct or obstruction. Although the record reveals that two of the witnesses at the administrative hearing had pending civil lawsuits against the Police Department, and that a third may also have had a pecuniary interest in its outcome, the Hearing Officer nevertheless found these accounts credible, a conclusion, which, under existing precedent, is binding on us, despite our serious reservations. Although there are inconsistencies in the witnesses' testimony related to details of the incident, such as how many times the victim was struck on the head and whether she was standing or on the floor at the time, these are not sufficient, under existing precedent, to render speculative the essential finding that petitioner unjustifiably hit the victim on the head with his handcuffs more than once. Similarly, we are bound by the Hearing Officer's rejection of petitioner's testimony that the injury-producing contact was inadvertent and the result of the victim's resisting arrest (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444).

Prior to trial, the department advocate prosecuting this case asked for a penalty of 20 vacation days. However, "[g]iving due deference to administrative proceedings and the Commissioner's obligation to protect the integrity of our law enforcement community" (*Matter of Kelly v Safir*, 96 NY2d 32, 39), we are mandated to uphold the Commissioner's determination to terminate the officer, since we have "no discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed by the Police Commissioner" (*id.* at 38). We have considered petitioner's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.