■ In the Matter of KATHLEEN CONTE, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [765 NYS2d 43] —Determination of respondent Police Commissioner, dated March 27, 2002, finding petitioner guilty of failing to submit a leave of absence report for approval by a supervisor or commanding officer, as required for 21 days that she was absent in 1999 and 2000, with the result that there were no time deductions made against her leave balances for those days, and dismissing petitioner from her position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR

article 78 (transferred to this Court by order of the Supreme Court, New York County [Ronald Zweibel, J.], entered September 17, 2002), dismissed, without costs.

Respondent's finding is supported by substantial evidence, including petitioner's own testimony that most of the command diary entries showing the approved vacation days she took were in her own handwriting. No basis exists for disturbing respondent's finding that 21 missing leave of absence reports in a 15-month period cannot be attributed to accident or lax procedures. The penalty of dismissal does not shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.