■ In the Matter of ERIC CANTRES, Petitioner, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [766 NYS2d 349] —Determination of respondents, dated February 26, 2002, suspending petitioner for 30 days from his position of employment as an institutional aide at respondent Seaview Hospital Rehabilitation Center and Home, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Wetzel, J.], entered on or about August 30, 2002), dismissed, without costs.

Substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]), including the testimony of several witnesses to the conduct at issue, supports respondents' findings that petitioner was repeatedly insubordinate, absent without excuse from work assignments, and on one occasion became embroiled in an unseemly and disruptive verbal altercation with a coworker. The penalty imposed for the proven misconduct does not shock our sense of fairness and, accordingly, may not be disturbed (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]). Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.