■ In the Matter of JOHN REDMOND et al., Petitioners, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [771 NYS2d 497]—

Determination of the Police Commissioner, dated April 8, 2002, finding petitioner Medina guilty of specified misconduct and thereupon placing Medina on dismissal probation for one year and suspending him for 45 days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Lewis Stone, J.], entered December 13, 2002) dismissed, without costs.

Substantial evidence, most notably the testimony of the complainant (*see Matter of Bonenfant v Kelly*, 306 AD2d 108 [2003]), supports respondent's findings that petitioner Medina, in violation of departmental rules, participated in wrongfully restraining and transporting the complainant and neither attempted to prevent his partner from mistreating the complainant nor reported his partner's misconduct in dealing with the complainant. In light of the gravity of the proven misconduct, the penalty imposed on Medina is not shocking to our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]).

Petitioner Redmond, who had retired from the police force prior to the commencement of the disciplinary hearing underlying the challenged April 8, 2002 determination, is not aggrieved by that determination, which by its terms affects only petitioner Medina. To the extent that Redmond seeks to challenge the determination made against him following a prior disciplinary hearing in this matter, that determination is not before us, the article 78 proceeding brought with respect to that earlier determination having been discontinued with prejudice pursuant to stipulation and the matter having, pursuant to the same stipulation, been remanded for a new hearing. We would note, however, that even if the determination respecting Redmond following the earlier hearing were properly before us, there would be no ground warranting its disturbance. There was substantial evidence adduced at both hearings that Redmond wrongfully restrained and transported the complainant, and, given that wrongdoing, the penalty imposed by the earlier determination and apparently served by Redmond prior to his

retirement from the force—a one-year dismissal probation and a 25-day suspension—was not shockingly severe. Concur—Buckley, P.J., Mazzarelli, Saxe, Sullivan and Rosenberger, JJ.