■ In the Matter of ALAN ORTEGA, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [790 NYS2d 104]—

Determination of respondent Police Commissioner, dated March 7, 2003, dismissing petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Saralee Evans, J.], entered December 24, 2003) dismissed, without costs.

Substantial evidence, including documentary submissions and the testimony of a civilian complainant, supervisory police officers, and individuals previously engaged in business with petitioner, supported the hearing officer's findings that petitioner, inter alia, violated orders prohibiting his off-duty employment beyond a specified date, made misrepresentations respecting such employment to a superior officer, failed to report his sale of firearms to a licensed firearm dealer, and harassed and wrongfully subjected a civilian to physical contact and thereafter disobeyed an order directing him to stay away from her. The underlying credibility determinations of the hearing officer are essentially unreviewable (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Seligson v Kerik*, 295 AD2d 262 [2002]).

The hearing officer was not obliged to recuse himself on the ground of bias. The circumstance that the hearing officer had presided over a prior proceeding involving petitioner did not suffice to demonstrate that he was biased against petitioner (*see People v Curkendall*, 12 AD3d 710 [2004]).

In view of the proven misconduct, the penalty imposed does not shock our sense of fairness (*Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.