■ In the Matter of SYRACUSE BRIGADIERS, INC., et al., Petitioners, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [804 NYS2d 168]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Thomas J. Murphy, J.], entered March 14, 2005) to review a determination of respondent. The determination, inter alia, revoked the licenses of petitioners Syracuse Brigadiers, Inc., Syracuse Brigadiers Booster Club, and Syracuse Brigadiers Alumni Club to conduct bingo and other games of chance and prohibited them from reapplying for licenses for 12 months.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding to review respondent's determination that, inter alia, revoked the licenses of petitioners Syracuse Brigadiers, Inc., Syracuse Brigadiers Booster Club, and Syracuse Brigadiers Alumni Club (Brigadier petitioners) to conduct bingo and other games of chance and prohibited them from reapplying for licenses for a period of 12 months.

In reviewing the determination of respondent agency, we "may not substitute [our] judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 194 [1981]). "Deference to the judgment of the agency, when supported by the record, is particularly appropriate when the matter under review involves a factual evaluation in the area of the agency's expertise" (*id.*).

Here, respondent presented overwhelming evidence that the Brigadier petitioners had committed virtually all of the 30 alleged violations charged, including unlawful operation of an organization and use of a leased facility solely for bingo and games of chance; operation of three affiliates as a single entity; unlawful expenditures of bingo and games of chance proceeds; unlawful participation in the leasing of the Brigadier petitioners' hall and the leasing of a food stand; failure to disclose unlawful expenses and payments; unlawful remuneration of members, outside organizations, and officers; unlawful participation by nonmembers and bookkeepers; commingling of funds; and concealment of facts.

Contrary to the further contention of petitioners, the penalty imposed is not " 'so disproportionate to the offense as to be

shocking to [our] sense of fairness,' [and thus does not] constitut[e] an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]). Indeed, we note that, pursuant to General Municipal Law § 195-j, the penalty for violations relating to games of chance, including the ones at issue herein, shall be forfeiture of the license and ineligibility to apply for a license for "at least one year thereafter" and, pursuant to General Municipal Law § 495, the penalty for violations relating to bingo shall be forfeiture of the license and ineligibility to apply for a license "for one year thereafter."

We have reviewed petitioners' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.