■ In the Matter of MARK PACHTMAN, Petitioner, v PATRICIA J. LANCASTER, as Commissioner of the Department of Buildings of the City of New York, Respondent. [806 NYS2d 43]—

Determination of respondent Commissioner, dated September 15, 2003, which, in a proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Doris Ling-Cohan, J.], entered on or about May 3, 2004), imposed upon petitioner a suspension of 45 days without pay after he was found guilty of four specifications that he had violated departmental regulations, unanimously confirmed, the petition denied and the proceeding dismissed, without costs.

The agency's determination to impose a 45-day suspension, although the hearing examiner had recommended a suspension of only three days, does not shock the conscience (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). In her decision the Commissioner imposed a two-week (i.e., 10 work days) suspension for the specification of threatening a fellow employee, and a 30-day suspension for excessive absences. Although the Commissioner did not address or specify the precise penalties for the remaining specifications, the Commissioner expressly sustained the other two specifications and specified that the sanction for all the violations was suspension without pay for 45 days. Accordingly, the Commissioner implicitly imposed a sanction of suspension without pay for five days for the other two specifications. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.