■ In the Matter of SCOTT HUNGREDER, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [812 NYS2d 2]—

Determination of respondent Police Commissioner, dated July 14, 2004, which imposed upon petitioner a forfeiture of 45 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Faviola A. Soto, J.], entered January 5, 2005) dismissed, without costs.

Respondent's findings that, following an incident in which a civilian was forcibly detained by petitioner and three other officers with whom he was on patrol, petitioner, in violation of the Police Department's Patrol Guide, failed to prepare and submit a stop and frisk report, to maintain his activity log, to conduct a warrant check and to request the presence of a patrol supervisor at the scene, are supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Petitioner's contention that the departmental

rules cannot be reasonably construed to require his performance of the omitted tasks because he issued no summons in connection with the subject forcible detention is without merit.

The penalty is not so disproportionate to the offenses petitioner was found to have committed as to shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32 [2001]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.