■ In the Matter of DAVID RODRIGUEZ, Petitioner, v ROCCO J. DIINA, as Commissioner of Buffalo Police Department, et al., Respondents. [825 NYS2d 890]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John M. Curran, J.], entered December 30, 2004) to review a determination of respondents. The determination, after a hearing, terminated petitioner's employment.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding petitioner guilty of three charges of misconduct involving official corruption and terminating his employment as a detective with respondent Buffalo Police Department. Those charges sustained by the Hearing Officer alleged that petitioner participated with three other narcotics officers in the seizure of over $36,000 from an undercover FBI agent posing as a drug dealer, and that petitioner thereafter failed to transmit the money to appropriate police custodians and to prepare and file appropriate departmental reports and other documentation regarding the seizure. Contrary to the contention of petitioner, the determination that he was guilty of misconduct is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). Contrary to petitioner's further contention, the penalty of termination is not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of

*Berenhaus v Ward*, 70 NY2d 436, 445 [1987]; *see also Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001], *rearg denied* 96 NY2d 854 [2001]; *see generally Matter of Scahill v Greece Cent. School Dist.*, 2 NY3d 754, 756 [2004]; *Pell*, 34 NY2d at 233). We have considered petitioner's remaining contention and conclude that it is lacking in merit. Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.