■ In the Matter of Louis Maldarelli, Petitioner, v John Doherty, as Commissioner of the Department of Sanitation of the City of New York, Respondent. [836 NYS2d 178]—

Determination of respondent, dated December 29, 2005, terminating petitioner's employment with the Department of Sanitation (DOS), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered August 7, 2006) dismissed, without costs.

The determination was supported by substantial evidence that petitioner was guilty of misconduct, as indicated by his conviction of insurance fraud in the third degree. The fraud in question was not committed against the City or petitioner's departmental employer (*see* 7 AD3d 384 [2004]). Rather, it was perpetrated against his private insurer when he backed up a claim for lost earnings resulting from an accident by submitting forged documents and memoranda under DOS cover, falsely indicating he was not entitled to sick leave through his employment. This was a violation of rule 3.2 of the DOS Personnel Rules and Regulations, which refers to "conduct . . . prejudicial to good order and discipline, or which tends to discredit the City or the Department." Furthermore, Mayoral Executive Order No. 16 of 1978 § 5 (c) (renumbered section 5 [b] by Mayoral Executive Order No. 105 of 1986 § 5) calls for dismissal of any City employees "convicted of a crime relating to their office or employment, involving moral turpitude or which bears upon their fitness or ability to perform their duties or responsibilities." It is not clear whether this Executive Order allows dismissal to be based on any of three categories of conduct (namely, a crime relating to one's employment, a crime involving moral turpitude, or a crime bearing upon fitness to perform), or whether the crime must be related to the employment and involve either moral turpitude or fitness to perform. In either event, we agree that while the crime did not involve petitioner's actual employment duties (*see Furst v New York City Tr. Auth.,* 631 F Supp 1331, 1337-1338 [ED NY 1986]), it was sufficiently related to his employment in that he misused his job status to perpetrate this fraud, and that unethical conduct could be construed as an act of moral turpitude or, at the very least, one that would bear on his fitness to continue in that position.

The penalty of dismissal does not shock the conscience (*see Matter of Kelly v Safir,* 96 NY2d 32, 39-40 [2001]), particularly in view of petitioner's disciplinary record, which consists of over

a dozen violations of departmental rules, with penalties ranging from reprimands to the loss of seven days' pay.

We have considered petitioner's other arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.