■ In the Matter of OLGA VAZQUEZ, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [852 NYS2d 72]—

Determination of respondent Commissioner, dated April 26, 2005, which terminated petitioner's employment with the Police Department, unanimously confirmed, the petition denied, and the proceeding (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered December 8, 2005), dismissed, without costs.

Petitioner was absent from her duties without leave and thereafter made false statements, changed a police form and submitted the forged documentation in an effort to conceal her absence, findings which she does not challenge herein. She also failed to qualify with a firearm. The determination to terminate petitioner's employment on these grounds was supported by substantial evidence (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). The contention that the determination disregarded or ignored the evidence submitted on petitioner's behalf is without merit and is contradicted by the Trial Commissioner's exhaustive, 68-page decision.

The penalty of dismissal, which was mandated by departmental policy for failure to qualify with a firearm and was further supported by the findings of guilt on other charges, is not shocking to the judicial conscience or to one's sense of fairness, and should not be disturbed (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]). Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INOCENCIO ESPINOSA, Appellant. [851 NYS2d 55]—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered on or about July 25, 2005, unanimously affirmed. No opinion. Order filed. Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.