**6** In the Matter of ALESSANDRO SPANO, Appellant, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [899 NYS2d 19]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 2, 2009, insofar as it disposed of petitioner's argument that the search of his trailer was not lawfully conducted, unanimously vacated, on the law, and the determination of respondent, dated March 11, 2008, that petitioner violated 9 NYCRR 4120.6 (a) and (c), and suspending his har-

ness racing license for 90 days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by the aforesaid order) dismissed, without costs.

The court erred in entertaining petitioner's argument before transferring the proceeding to this Court, since that argument does not constitute "such other objection[ ] as could terminate the proceeding" (CPLR 7804 [g]; *see also* CPLR 7804 [f]). We therefore vacate that portion of the order and dispose of all the issues raised in the proceeding (*id.*).

The search of petitioner's trailer was lawful. Petitioner consented to the search when he accepted the harness racing license granted him by respondent (*see* 9 NYCRR 4120.6 [d]), and when he voluntarily entered the race track, at the entrance of which was posted a sign informing all visitors that they and their vehicles were subject to search. In addition, "[e]ach track, the board and the judges or their designees shall have the right to enter into or upon the buildings, stables, rooms, motor vehicles or other places within the grounds of such track to examine the same and to inspect and examine the personal property and effects of any person within such places" (*id.*). Contrary to petitioner's contention, the two security guards who conducted the initial search fell within the group of named entities and individuals on whom 9 NYCRR 4120.6 (d) confers the right to conduct such a search, and their participation did not render the search unlawful (*see Anobile v Pelligrino*, 303 F3d 107, 117-123 [2d Cir 2002]).

Substantial evidence supports respondent's determination that petitioner possessed hypodermic equipment on race track grounds and that the needles contained unidentified liquid substances in violation of 9 NYCRR 4120.6 (a) (1) and (c). The record shows that four syringes and hypodermic needles, three of which needles contained unidentified red and clear liquids, were discovered in petitioner's horse trailer while it was parked on race track grounds, and petitioner offered no evidence to support his claim that while he was away from the trailer someone had planted the prohibited items therein. Moreover, petitioner's attempt to apply the high burden of proof imposed by the Penal Law, which makes it a criminal offense to knowingly possess, for example, a controlled substance (*see* Penal Law § 10.00 [8]; § 220.03), to the violation of the rule promulgated by respondent, which prohibits persons other than certain veterinarians to "have or possess [hypodermic equipment] in or upon the premises of a licensed harness race track" (9 NYCRR 4120.6 [a] [1]), is unavailing (*see Matter of Zaretzky v Hoblock*, 278 AD2d 30 [2000], *lv denied* 96 NY2d 708 [2001]).

We do not find the penalty imposed by respondent shocking to our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Friedman, McGuire and Abdus-Salaam, JJ. **[Prior Case History: 23 Misc 3d 1108(A), 2009 NY Slip Op 50636(U).]**