■ In the Matter of SCOTT VINCENT, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [2 NYS3d 340]—

Determination of respondent Police Commissioner, dated February 8, 2013, which, insofar as challenged, approved the Hearing Officer's findings that petitioner had engaged in misconduct, and imposed a penalty of forfeiture of 30 vacation days, a 30-day suspension, without pay, and a one-year dismissal probation period, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New

York County [Carol E. Huff, J.], entered Nov. 14, 2013), dismissed, without costs.

Substantial evidence supports the findings that petitioner had refused to cooperate with a Port Authority Police Department (PAPD) investigation, and that he gave vague and nonresponsive answers at a subsequent interview by respondent New York City Police Department (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). There is no evidence that respondents sought to obtain a statement from petitioner through the PAPD; accordingly, petitioner's argument regarding that statement is unavailing.

The imposed penalty does not shock our sense of fairness (see *Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]).

We have considered petitioner's other arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.