■ In the Matter of TIMOTHY BERGIN, Petitioner, v RAYMOND W. KELLY et al., Respondents. [9 NYS3d 263]—

Determination of respondent Police Commissioner, dated May 20, 2013, which dismissed petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered Dec. 12, 2013), dismissed, without costs.

Substantial evidence supports the findings that petitioner committed larceny by withdrawing money from his girlfriend's bank account without consent; that he made false statements in an accident report; and that he had an unapproved absence and made false statements regarding a separate purported approval of an absence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). There exists no basis to disturb the credibility determinations of the Deputy Commissioner of Trials (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).

Given the seriousness of the sustained charges, and inasmuch as respondent Commissioner "is accountable to the public for the integrity of the Department," the penalty of termination does not shock our sense of fairness (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [internal quotation marks omitted]). Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.