# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

473

TP 15-01708

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF NICHOLAS CASTIGLIA, PETITIONER,

V                                                           MEMORANDUM AND ORDER

COUNTY OF ONTARIO AND PHILLIP POVERO, SHERIFF OF
ONTARIO COUNTY, RESPONDENTS.

---

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (MATTHEW J. FUSCO OF
COUNSEL), FOR PETITIONER.

GARY L. CURTISS, COUNTY ATTORNEY, CANANDAIGUA (LEA T. NACCA OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Ontario County [Thomas A. Stander, J.], entered October 2, 2015) to annul a determination of respondents. The determination terminated the employment of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination finding him guilty of disciplinary charges and terminating his employment as a correction officer for respondents. We conclude that the determination is supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180; *see* CPLR 7803 [4]; *see generally Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231). We further conclude that, in view of petitioner's extensive disciplinary record, the penalty of terminating his employment is not "so disproportionate to the offense[s] as to be shocking to one's sense of fairness," and thus it does not constitute an abuse of discretion as a matter of law (*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854; *see Matter of Seltzer v City of Rochester*, 77 AD3d 1300, 1301).

Entered:  June 10, 2016                           Frances E. Cafarell
                                                  Clerk of the Court