Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondents suspending petitioner’s credential and terminating her employment.
Petitioner was employed by respondent Office of Alcoholism and Substance Abuse Services (hereinafter OASAS) in the position of Addictions Counselor I at the Charles K. Post Addiction Treatment Center (hereinafter Post) in Suffolk County. In this capacity, petitioner was a member of a bargaining unit of employees represented by the Public Employees Federation, AFL-CIO, which was a party to a collective bargaining agreement (hereinafter CBA) with the state. In November 2012, in accordance with the disciplinary procedure set forth in the CBA, OASAS interrogated petitioner about her decision to go jogging alone with a Post patient on five separate occasions. Although petitioner was not formally disciplined for this conduct, her supervisor issued a counseling memorandum in December 2012.
As an Addictions Counselor I, petitioner was registered as a *1395 Credentialed Alcoholism and Substance Abuse Counselor (hereinafter CASAC). OASAS is responsible for issuing and, if necessary, revoking or suspending a CASAC’s credential whether or not the CASAC is employed by OASAS (see Mental Hygiene Law § 19.07 [d] [1] [ii]; [2]). During a subsequent, unrelated investigation at Post, petitioner’s jogging incident and another incident regarding her record keeping were raised. Consequently, OASAS filed two complaints in February 2014 alleging that petitioner violated certain CASAC canons of conduct (see generally 14 NYCRR 853.20). After an investigation, OASAS advised petitioner that it was recommending that her CASAC credential be suspended for three years (one year for the jogging complaint and two years for the record-keeping complaint). After petitioner requested a hearing on both complaints, they were consolidated and a hearing was held over two days in January 2015.
In April 2015, the Hearing Officer issued a report wherein he determined that petitioner did engage in the conduct set forth in the complaints, but recommended lesser penalties — a six-month suspension of petitioner’s CASAC credential for the jogging incident and a reprimand for her record-keeping discrepancies. In response, OASAS issued a final order accepting the Hearing Officer’s findings and recommendation with regard to the jogging complaint. As to the record-keeping complaint, OASAS suspended petitioner’s credential for six months — to run concurrently with the six-month suspension for the jogging complaint. Two weeks later, OASAS advised petitioner that she was terminated “as a result of [her] failure to maintain a valid, statutorily required qualification for [her] position.” Petitioner commenced this CPLR article 78 proceeding to challenge both the suspension of her credential and the determination to terminate her employment based on the suspension.
When reviewing OASAS’s finding that petitioner engaged in misconduct, the issue presented is whether substantial evidence supports the determination (see CPLR 7803 [4]), which means “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d 1020, 1021 [2013] [internal quotation marks and citation omitted]). Here, the jogging complaint alleged that by jogging with a patient, petitioner engaged in misconduct because she “provid [ed] services . . . with gross incompetence, with gross negligence ... or otherwise act[ed] contrary to the interests of a patient” (14 NYCRR 853.20 [c] [2]), and that she “enter[ed] into a[ ] . . . relationship with [a patient] . . . that *1396 [was] outside the boundaries of professional conduct” (14 NYCRR 853.20 [c] [9]). The record-keeping complaint alleged that, by postdating certain records, petitioner violated the CASAC canon of ethical principles because she failed to “take reasonable steps to ensure that documentation in records is accurate, sufficient and timely” (14 NYCRR 853.28 [a] [15]) and to “uphold the legal . . . codes which pertain to professional conduct” (14 NYCRR 853.28 [a] [16]). Given petitioner’s concession during the hearing that she went jogging with a patient and postdated certain records, we find that substantial evidence supports the Hearing Officer’s determination with regard to the alleged misconduct.
The issue that remains is whether OASAS abused its discretion by imposing the concurrent suspensions that effectively compelled her termination for failing to have a “valid credential” in place (Mental Hygiene Law § 19.07 [d] [3]; see CPLR 7803 [3]). This Court may “set aside a determination by an administrative agency . . . only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]; see Matter of Lewis v New York State Off. of Children & Family Servs., 114 AD3d 1065, 1067 [2014]). “[A] result is shocking to one’s sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 234; see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Thornton v Edwards-Knox Cent. Sch. Dist. Bd. of Educ., 105 AD3d 1206, 1206-1207 [2013]).
Under the circumstances presented, we find that OASAS’s determination to impose a six-month suspension of petitioner’s credential for each of the complaints was disproportionate to the offenses charged. First, due to the unique circumstance that petitioner was employed by OASAS in a civil service position, OASAS knew that the practical effect of the suspension was that she would be rendered temporarily unqualified to hold her civil service position. Indeed, OASAS summarily dismissed her for failing to maintain her credential (see Mental *1397 Hygiene Law § 19.07 [d] [3]). In context, this result makes little sense. Petitioner had been employed by OASAS as a CASAC for more than six years with no apparent disciplinary record and consistently satisfactory performance reviews. With regard to the jogging complaint, there was neither an allegation nor any evidence that petitioner was engaged in an inappropriate relationship with the patient or that the patient was harmed in any way. OASAS, with full knowledge of the regulations governing CASAC credentials, initially decided to simply counsel petitioner about this complaint. Petitioner testified that she did not engage in the same or similar conduct after being counseled. As for the record-keeping complaint, when OASAS explained its determination to reject the Hearing Officer’s penalty recommendation, as it was required to do (see 14 NYCRR 831.6 [c]), it erroneously claimed that the Hearing Officer did not have the authority to recommend the penalty of reprimand (see 14 NYCRR 853.22 [a] [1]). As the Hearing Officer noted, the uncontroverted evidence was that, in accord with the prevailing practice, petitioner’s supervisor directed her to postdate the records knowing that petitioner was going to be out of the office. It was only after the complaint was lodged that this practice changed. There was no showing that the agency or the public was harmed or that petitioner was personally enriched by the conduct.
In our view, OASAS should not disregard its role as employer where, as here, it exercises its credentialing oversight, but that is essentially what occurred here. As an employer, OASAS chose only to counsel petitioner, but, as the credentialing authority, it imposed an administrative penalty that mandated her termination, the ultimate disciplinary penalty. When we consider the nature of the misconduct, petitioner’s otherwise satisfactory employment record and the known impact of the penalty imposed, we find the effective penalty of suspension of her credential too severe (see Matter of Lewis v New York State Off. of Children & Family Servs., 114 AD3d 1065, 1068 [2014]).
We have reviewed petitioner’s remaining contentions and find that they lack merit.
McCarthy, J.R, Egan Jr., Devine and Clark, JJ., concur.
Adjudged that the determinations are modified, without costs, by annulling so much thereof as imposed a penalty of suspending petitioner’s credential and terminating her employment; petition granted to that extent and matter remitted to respondent Office of Alcoholism and Substance Abuse Services for further proceedings not inconsistent with this Court’s decision; and, as so modified, confirmed.