Matter of Singh v City of N.Y. Off. of Admin. Trials & Hearings (2021 NY Slip Op 00535)





Matter of Singh v City of N.Y. Off. of Admin. Trials & Hearings


2021 NY Slip Op 00535


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 151332/19 Appeal No. 13017 Case No. 2019-5740 

[*1]In the Matter of Harpreet Singh, Petitioner-Respondent,
v
The City of New York Office of Administrative Trials and Hearings et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (John Moore of counsel), for appellants.
Gregory J. Gallo, Long Island City, for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 29, 2019, which granted the petition to overturn a decision of the Office of Administrative Trials and Hearings (OATH), dated October 15, 2018, to permanently bar petitioner from appearing as a nonattorney representative, vacated OATH's determination, and remanded for an in-person hearing on the issue of whether petitioner had violated OATH's rules, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
To the extent a petition challenges an administrative penalty or sanction, the determination must be upheld unless it is "so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [internal quotation marks omitted]).
Here, OATH's determination permanently barred petitioner from serving as a nonattorney representative in its hearings after he submitted fraudulent towing receipts on behalf of two separate clients in support of their claims that they had missed their hearing dates because their cars broke down on their way to their separate hearings. OATH found that petitioner had violated 48 RCNY 6-25[a][9], which prohibits a representative from submitting any documents "which he or she knows, or reasonably should have known, to be false, fraudulent or misleading." Under the circumstances, the penalty here is not shocking to one's conscience.
Furthermore, the record shows that petitioner was given the opportunity to submit a written rebuttal after he was informed of the claims made against him, and OATH reviewed his submission before rendering its final determination. The opportunity to submit a written rebuttal here suffices as a remote method of appearing before the Chief Administrative Law Judge, and is allowed for by OATH's own rules (48 RCNY 6-25[c][2]; see Matter of Thornton v New York City Dept. of Educ., 167 AD3d 444, 445-446 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021