Matter of Seraphin v Molina (2024 NY Slip Op 01691)

Matter of Seraphin v Molina

2024 NY Slip Op 01691

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Index No. 157243/22 Appeal No. 1920 Case No. 2023-00992 

[*1]In the Matter of Warren Seraphin, Petitioner,
v
Louis A. Molina et al., Respondents.

Law Office of Sandra D. Parker, New York (Sandra D. Barker of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

Determination of respondent City of New York Department of Correction (DOC), dated April 26, 2022, which found petitioner guilty of excessive use of force and submitting a false use of force report and terminated petitioner's employment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered December 6, 2022), unanimously dismissed, without costs.
Substantial evidence supports the findings of the Administrative Law Judge (ALJ) that petitioner used excessive and unjustified force against an inmate and submitted a false or misleading use of force report (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 182 [1978]). Video footage shows petitioner run up behind the inmate, wind up his fist, and punch the inmate in the side of the head, all while the inmate was in restraints and compliant with two escort officers. The video contradicts petitioner's testimony and his use of force report stating that the inmate attempted to break loose from the escort to assault petitioner. Petitioner also admitted at the hearing that he struck the inmate as an "emotional response" to the inmate's verbal taunts about having thrown a tray of food at petitioner minutes earlier. This evidence sufficiently supports the ALJ's determination that petitioner violated DOC's Use of Force Directive, which "prohibits the use of high impact force, including [s]trikes or blows to the head" unless a staff member "is in imminent danger of serious bodily injury or death," and prohibits the use of any force to retaliate against an inmate or in "response to an inmate's verbal insults, threats, or swearing."
DOC's decision to terminate petitioner's employment was not an abuse of discretion (see Matter of Kelly v Safir , 96 NY2d 32, 38 [2001]). Considering the severity of petitioner's conduct, which created "a needless risk of serious injury to the inmate" per DOC's Disciplinary Guidelines, the penalty does not shock one's sense of fairness, notwithstanding petitioner's lack of disciplinary record (see Matter of Harp v New York City Police Dept. , 96 NY2d 892, 894 [2001]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024