Matter of Rooney v City of New York (2025 NY Slip Op 02047)

Matter of Rooney v City of New York

2025 NY Slip Op 02047

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Index No. 161676/23|Appeal No. 4051|Case No. 2024-03965|

[*1]In the Matter Terrence Rooney, Petitioner,
v
The City of New York et al., Respondents.

Michael F. Dailey, Bronx, for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for respondents.

Determination of respondent Police Commissioner, dated August 2, 2023, which, after a hearing, terminated petitioner's employment with the New York City Police Department (NYPD), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [John J. Kelley, J.], entered on or about June 19, 2024), dismissed, without costs.
Substantial evidence supports the determination that petitioner is guilty of the specifications alleged, including that he wrongfully caused inaccurate entries in official records regarding his confrontation with a civilian and improperly caused her arrest based on such entries (see Matter of Romero v Martinez, 280 AD2d 58, 61 [1st Dept 2001], lv denied 96 NY2d 721 [2001]). The Deputy Commissioner of Trials (DCT) properly determined that the body camera footage of the confrontation was inconsistent with petitioner's claim that the civilian assaulted him with intent to injure.
Substantial evidence also supports the specifications relating to incidents involving petitioner's former girlfriend (the complainant), which resulted in her filing two domestic incident reports against him between March 2020 and August 2021. The DCT found complainant to be credible, noting that her demeanor and conduct during her interviews with investigating officers were consistent with her claims of domestic violence (see e.g. Matter of Castillo v Shea, 226 AD3d 531, 531 [1st Dept 2024], lv dismissed 42 NY3d 1071 [2025]). Contrary to petitioner's contentions, NYPD can "impose discipline for a broad range of 'conduct injurious to the public peace or welfare, or immoral conduct or conduct unbecoming an officer,' even if that conduct is not criminal" (Matter of Joseph v Sewell, 227 AD3d 616, 617 [1st Dept 2024], quoting Administrative Code of City of NY § 14-115[a]; see also Matter of Bonifacio v Sewell, 227 AD3d 584, 586 [1st Dept 2024], lv denied 42 NY3d 909 [2024]). There is no basis to disturb the DCT's credibility determinations (see Matter of Jones v Kelly, 111 AD3d 415, 415 [1st Dept 2013]).
The penalty of dismissal from the NYPD is not disproportionate to the seriousness of the multiple violations involved (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Hall v Shea, 200 AD3d 416, 417 [1st Dept 2021], lv denied 38 NY3d 906 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025