Matter of Zeta Chi Zeta Fraternity, Inc. v State Univ. of N.Y. at Oswego (2025 NY Slip Op 02466)

Matter of Zeta Chi Zeta Fraternity, Inc. v State Univ. of N.Y. at Oswego

2025 NY Slip Op 02466

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

209 TP 24-00419

[*1]IN THE MATTER OF ZETA CHI ZETA FRATERNITY, INC., PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT OSWEGO, RESPONDENT. 

SMITH SOVIK KENDRICK & SUGNET P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order [denominated judgment] of the Supreme Court, Jefferson County [William F. Ramseier, J.], entered March 8, 2024) to review a determination of respondent. The determination expelled petitioner from respondent's campus. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination finding it responsible for violations of respondent's student code of conduct arising from incidents of hazing and expelling it from respondent's campus.
Petitioner contends that respondent denied it due process by charging it with vague "historical" allegations based on complaints of anonymous individuals. We reject that contention. Although the charges did not include any dates for the conduct, the evidence presented at the hearing addressed specific incidents from spring 2022 and spring 2023. Indeed, petitioner's president admitted at the beginning of the hearing that petitioner was adequately apprised of the charges against it. Further, petitioner's president indicated that he knew the identity of the complainant. Thus, we conclude that respondent's failure to identify the complainant and other whistleblowers did not have any impact on petitioner's opportunity to defend itself (see generally Matter of Fitzgerald v Libous, 44 NY2d 660, 661 [1978]; Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 990 [3d Dept 2018]).
We further conclude that, contrary to petitioner's contention, respondent's determination is supported by substantial evidence. The evidence considered by respondent, including petitioner's admission to some of the charges, constituted "such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion" that petitioner violated respondent's student code as charged by respondent (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Finally, the penalty is not " 'so disproportionate to the offense as to be shocking to one's sense of fairness' " (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]; see Matter of Klockowski v State Univ. of N.Y. Coll. at Plattsburgh, 182 AD3d 725, 728 [3d Dept 2020]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court