■ In the Matter of HURLEY J. BLAKENEY, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered December 3, 1971 in Chenango County) to review a determination of the Commissioner of Motor Vehicles suspending petitioner's driver's license for driving at an imprudent speed for prevailing conditions, under subdivision (e) of section 1180 of the Vehicle and Traffic Law. The hearing Referee found that on June 20, 1971 in the afternoon petitioner was traveling on a four-lane divided highway at the legal speed limit of 60 miles per hour. As the vehicle proceeded in its own lane down a slight grade, the rear of the auto appeared to lose traction and it began to skid sideways whereupon control was lost by the operator and it skidded and rolled over causing the car to be totally damaged and fatal injuries to one of the occupants. The Referee then concluded that the petitioner had operated the automobile at an unreasonable and imprudent speed for the weather in violation of subdivision (e) of section 1180 of the Vehicle and Traffic Law. The record contains evidence that the rain started about five minutes before the accident and it was raining quite hard at the time. It does not appear that the rain affected visibility and there is no testimony or other evidence that the rain had caused the highway to become slippery. When the automobile came to rest, one of its tires was deflated and the investigating trooper testified that the tires complied with the New York State law in regard thereto as to minimum tread. The record is silent as to whether or not there was any indication that the deflated tire lost its air because of the accident or that it became deflated, either substantially or totally, prior to the commencement of the skid. The investigating officer rendered no opinion as to whether or not a speed of 60 miles per hour

based upon his own experience would be excessive in view of the condition of the highway with water upon it. Upon the present record it is pure speculation as to any condition created by the rain which would render proceeding at the legal speed of 60 miles per hour imprudent within the meaning of subdivision (e) of section 1180 of the Vehicle and Traffic Law. (See *Matter of Wilber* v. *Hults*, 22 A D 2d 844.) It should be noted that the petitioner was driving " a borrowed vehicle ". Determination annulled, and petition granted, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Reynolds, JJ., concur.