Matter of Pepe v New York State Dept. of Motor Vehicles (2019 NY Slip Op 06397)





Matter of Pepe v New York State Dept. of Motor Vehicles


2019 NY Slip Op 06397


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-07197
 (Index No. 4549/17)

[*1]In the Matter of Michael Pepe, petitioner,
v
New York State Department of Motor Vehicles, et al., respondents.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea and Alexander Klein of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale, Mark H. Shawhan, and Blair Greenwald of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated July 25, 2017, affirming a determination of an administrative law judge dated December 28, 2016, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1180(a) and suspended his driver license for a period of 180 days.
ADJUDGED that the petition is granted, on the law, with costs, the determination dated July 25, 2017, is annulled, and the penalty imposed is vacated.
The New York State Department of Motor Vehicles held a hearing to investigate a fatal accident that occurred on January 16, 2014, when a vehicle driven by the petitioner crossed into oncoming traffic and was involved in a head-on collision that resulted in the death of another motorist. The evidence at the hearing established that the petitioner was traveling southbound on Flanders Road in Suffolk County, at a speed of 53 miles per hour, 2 miles below the posted speed limit. The petitioner's vehicle drove over a pothole, which damaged the vehicle's U-bolt, causing a mechanical failure resulting in the immediate loss of steering control. The petitioner's vehicle then crossed two lanes of traffic and collided with the decedent's vehicle. The petitioner was not issued a summons for a violation of Vehicle and Traffic Law § 1180(a), or any other traffic infractions. The police accident report did not list unsafe speed as a contributing factor to the accident.
Notwithstanding, the Administrative Law Judge (hereinafter the ALJ) determined, after the hearing, that the petitioner violated Vehicle and Traffic Law § 1180(a), which provides that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." The ALJ determined that, due to potholes in the roadway, "driving 53 miles per hour . . . was not reasonable and prudent," and suspended the petitioner's driver license for a period of 180 days. The determination was affirmed by the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board).
The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the determination of the Appeals Board, contending, inter alia, that the ALJ's finding that the petitioner violated Vehicle and Traffic Law § 1180(a) was not supported by substantial evidence. By order dated January 10, 2018, the Supreme Court transferred the proceeding to this Court and stayed enforcement of the suspension pending determination of this proceeding.
"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Mannino v Department of Motor Vehs. of State of N.Y. Traffic Violations Div., 101 AD3d 880, 880; see Matter of Kelly v Safir, 96 NY2d 32, 38). Here, the determination that the petitioner violated Vehicle and Traffic Law § 1180(a) is not supported by substantial evidence. There is no evidence to support the determination that the petitioner operated his vehicle at a speed greater than reasonable and prudent under the circumstances. There was no evidence to show that the petitioner's speed contributed to the accident or that the vehicle would not have been damaged by the pothole had the petitioner been traveling at a lesser rate of speed (see Matter of Blakeney v Tofany, 40 AD2d 740; Matter of Beadle v Tofany, 36 AD2d 985).
Accordingly, the petition must be granted, the determination annulled, and the penalty imposed vacated.
In light of this determination, we need not reach the petitioner's remaining contentions.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court