Matter of Golden v O'Neill (2020 NY Slip Op 01716)





Matter of Golden v O'Neill


2020 NY Slip Op 01716


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11267 100093/18

[*1] In re Police Officer Michael Golden, Petitioner-Respondent,
v
James P. O'Neill, etc., et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (MacKenzie Fillow of counsel), for appellants.
London & Worth, LLP, New York (Howard B. Sterinbach of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered September 14, 2018, which granted the petition brought pursuant to CPLR article 78 to vacate petitioner's penalty of termination from the New York City Police Department (NYPD), dated September 28, 2017, and remanded the matter for the imposition of a less severe penalty, unanimously reversed, on the law, without costs, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.
The NYPD charged petitioner, an undercover NYPD detective for Vice, with anonymously making a false allegation of misconduct against one of his supervisors, a sergeant, to the Internal Affairs Bureau (IAB) Command Center. Petitioner admitted to the charges and pleaded guilty to two instances of conduct prejudicial to the good order of the department.
After pleading guilty, petitioner testified under oath before the Assistant Deputy Commissioner (ADC) in an attempt to mitigate the penalty he would receive. After the hearing, the ADC found that petitioner's "misconduct here constitutes extremely serious misconduct" and recommended to the Police Commissioner that petitioner be dismissed from the NYPD. On September 28, 2017, the Commissioner approved the ADC's recommended penalty and dismissed petitioner from the NYPD.
Supreme Court erred in granting the petition to the extent of remanding the matter for the imposition of a lesser penalty. In matters of police discipline, "great leeway must be accorded to the Commissioner's determinations concerning the appropriate punishment, for it is the Commissioner, not the courts, who is accountable to the public for the integrity of the Department" (Matter of Kelly v Safir , 96 NY2d 32, 38 [2001] [internal quotation marks omitted]). As the Court of Appeals has explained, the Commissioner's decision in disciplinary matters
"must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (id . [internal quotation marks omitted], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 237 [1974]).
In this case, petitioner lied to IAB twice, acted with premeditation, and sought to have the sergeant that he reported to IAB face negative consequences as a result. As the ADC noted in its decision, petitioner's lies not only had an adverse impact on the sergeant, who had to defend himself against the false claim, but also on the NYPD and IAB, who were required to spend significant time investigating petitioner's false complaint. In light of the foregoing, the Commissioner's termination of petitioner is not so disproportionate to the offenses committed as to shock one's sense of fairness (Matter of Kelly at 38). Accordingly, the order of Supreme Court is reversed, and the petition dismissed in its entirety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK