Matter of Yue v O'Neill (2020 NY Slip Op 07483)





Matter of Yue v O'Neill


2020 NY Slip Op 07483


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 100598/19 Appeal No. 12608 Case No. 2020-01977 

[*1]In the Matter of James Yue, Petitioner,
v
James P. O'Neill, as Police Commissioner of the City of New York et al., Respondents.


Worth, Longworth & London, LLP, New York (Kyle R. Silverstein of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondents.



Determination of respondents, dated March 21, 2019, which, after a hearing, terminated petitioner's employment with the New York City Police Department, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan A. Madden, J.], entered October 1, 2019), unanimously dismissed, without costs.
The determination that petitioner was guilty of association with an individual who he should have reasonably believed was involved in criminal activity and in failing to report corruption is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The Hearing Officer found that petitioner's assertion during his Internal Affairs Bureau (IAB) interview that he may have texted a karaoke club owner to warn him of the possibility of pending law enforcement inspections, particularly when combined with his testimony that he translated a conversation between that club owner and a police lieutenant in which the club owner apologized for drugs being found on the premises during a police enforcement operation, was sufficient to establish that petitioner was aware that the club owner was involved in criminal activity and that no reasonable officer who heard that exchange would believe it had an innocent interpretation. Petitioner's contention that the Hearing Officer incorrectly considered admissions made in his IAB interview beyond those that were included in exhibit 1-B is unavailing, as the Hearing Officer specifically stated that he intended to consider all the portions of petitioner's IAB transcript that amounted to admissions and the limited context necessary to understand.
The penalty of termination does not shock one's sense of fairness (see Matter of Kelly v Safir, 96 NY2d 32, 38-40 [2001]; Matter of Golden v O'Neill, 181 AD3d 495 [1st Dept 2020]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020