Matter of Hall v Shea (2021 NY Slip Op 06760)





Matter of Hall v Shea


2021 NY Slip Op 06760


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 101867/19 Appeal No. 14734 Case No. 2020-03498 

[*1]In the Matter of Police Officer Dellon Hall, Petitioner,
v
Dermot Shea, as Police Commissioner of The City Of New York, et al., Respondents.


London & Worth, LLP, New York (Kyle R. Silverstein of counsel), for petitioner.
Georgia M. Pestana, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Determination of respondent Police Commissioner, dated August 12, 2019, which terminated petitioner's employment with the New York City Police Department (NYPD) upon findings, after a hearing, that he, among other things, engaged in conduct prejudicial to the good order, efficiency, and discipline of the NYPD, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan A. Madden, J.], entered August 14, 2020), dismissed, without costs.
The hearing testimony constitutes substantial evidence to support the finding that petitioner struck a three-year-old child on the chest (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180 [1978]). The Hearing Officer was free to credit the witnesses' testimony corroborating the child's statements, since weighing the evidence and choosing between conflicting accounts was solely within the province of the administrative agency (see Matter of Freeman v Ward , 162 AD2d 127, 127 [1st Dept 1990], lv denied 76 NY2d 706 [1990]). Similarly, substantial evidence supports a finding that petitioner was guilty of making misleading statements regarding the incident to an NYPD investigator during an official interview, as petitioner's statements to the investigator contradicted credible evidence of the alleged conduct.
The penalty of dismissal does not shock the conscience (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 233 [1974]). Where police discipline is at issue, our review must allow "great leeway" to the Commissioner's determinations regarding the appropriate punishment, "for it is the Commissioner, not the courts, who is accountable to the public for the integrity of the Department" (Matter of Kelly v Safir , 96 NY2d 32, 38 [2001] [internal quotation marks omitted]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021