Matter of Linzhong Zhuo v City of New York (2024 NY Slip Op 02161)

Matter of Linzhong Zhuo v City of New York

2024 NY Slip Op 02161

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Kapnick, J.P., Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 158250/22 Appeal No. 2128 Case No. 2023-01658 

[*1]In the Matter of Linzhong Zhuo, Petitioner,
v
The City of New York et al., Respondents.

Lee & Lum LLP, New York (Robert J. Lum of counsel), for petitioner.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.

Determination of respondent City of New York Department of Buildings (DOB), dated August 19, 2022, which found that petitioner violated New York City Construction Code (Administrative Code of City of NY) § 28-401.19(6) and (14) and suspended petitioner's general contractor license for three years, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Lori S. Sattler, J.], entered February 7, 2023), dismissed, without costs.
Substantial evidence supports DOB's determination that petitioner demonstrated "[n]egligence, incompetence, lack of knowledge or fitness, or disregard of [the Construction Code] and related laws and rules" (Administrative Code of City of NY § 28-401.19[6]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). DOB submitted spreadsheets documenting that petitioner had at least 118 sustained Construction Code summonses over a two-year period, 61 of which were for Class 1 immediately hazardous violations. Notwithstanding that DOB did not submit direct proof of the conduct underlying the individual summonses, the Administrative Law Judge (ALJ) rationally relied on the spreadsheets, in light of a DOB official's testimony as to the process of creating the documents (see Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433, 434 [1st Dept 2010]).
DOB's spreadsheet showing petitioner's outstanding penalties totaling $211,544 as of several months before the hearing, established that petitioner "[failed] to pay outstanding fines, penalties, or fees related to the individual's professional dealings with the city" (Administrative Code § 28-401.19[14]). The ALJ had a rational basis for rejecting petitioner's argument that he substantially resolved the outstanding fines before the hearing, finding that he "failed to pay the fines for a prolonged period and failed to show payment of $5,000 for one penalty."
Petitioner's hearsay challenge to the admission of the spreadsheets is unpreserved, and this Court has "no discretionary authority" to reach an unpreserved issue in the interest of justice in this article 78 proceeding challenging an administrative determination (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
The three-year license suspension is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [internal quotation marks omitted]). The ALJ reasonably determined that petitioner's violations "reflected unsafe working conditions that posed a risk to the public and workers on the jobsite," warranting "a serious penalty," but imposed only a suspension rather than revocation (see Administrative Code § 28-401.19) in the absence of aggravating factors. DOB's renewal of petitioner's license in September 2019 did not prevent DOB from pursuing disciplinary [*2]charges against him for violations accumulated through the end of 2020 and failing to pay fines until well into 2021.
Petitioner's selective enforcement claim is unsupported by the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024